UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MITCHELL FEINBERG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-600** |
| **UNITED STATES GOVERNMENT** | **SECTION "G" (3)** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff, Mitchell Feinberg, filed the above-captioned matter in this Court in which he sues defendants "US. Government, Supreme Court, Congress Senate, the F.C.C., the F.D.A., the D.E.A., the E.P.A., Social Security Administration, State and Local Government, Police Agencies." [Pl.'s Comp. at p.2]. Plaintiff seeks "Review of Due Process of Law and Right to Fair Trial." [*Id.* at p. 1]. He alleges that the government defendants mistreated him and also seeks review of federal cases filed earlier in other federal courts. [*Id.*}. Plaintiff further seeks a host of other unrelated relief, including a lower speed limit and zoning regulations. [*Id.*]. As ultimate relief, plaintiff seeks "miscellaneous relief, protection of rights and payment of government assistance." [*Id.* at p. 3].

On April 15, 2013, after granting Feinberg pauper status, the Court ordered Feinberg to show cause in writing by May 24, 2013 why his case should not be dismissed for failure to state a claim and/or lack of subject matter jurisdiction. Feinberg failed to do so.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court

1

determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

As an initial matter, plaintiff's complaint fails to contain a short, plain statement of his claims showing that he is entitled to relief under Federal Rule of Civil Procedure 8(a). Instead of identifying each alleged harm, and the specific defendants responsible for each harm, the three-page

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

complaint contains only a rambling litany of alleged generic mistreatment by a host of governmental entities and is near incomprehensible. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what."). Indeed, from the list of defendants, the Court can not even divine the defendants that the term "State and Local Government" might entail. The complaint's general claim of rights being violated, absent any specific allegations against the defendants named in the complaint's caption or "parties" section, is insufficient to state a claim under 42 U.S.C. § 1983 and/ or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) and to provide this Court with jurisdiction.

In addition, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[3] Plaintiff cites no basis for this Court's exercise of jurisdiction apart from mentioning that this Court can hear cases "of the mistreatment of persons by the United States Government." Plaintiff has listed four federal governmental entities and five federal agencies as "Parties." It is, however, axiomatic that neither the United States nor its agencies may be sued except by consent; the United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that

---

[3] *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Plaintiff has cited this Court to no legal authority that under the scant factual allegations here, the federal government or its agencies has consented to be sued.

Moreover, it appears that plaintiff asks the Court to review final judgments on claims filed earlier in other federal courts not within this district. This, the Court can not do. *See, e.g., Dana Corp. v. Fireman's Fund Ins. Co.*, No. 3:83CV1153, 1997 WL135591 (N.D. Ohio Feb. 10, 1997) ("More importantly, those other courts would be called on to sit in judgment for purposes of reviewing the orders of a court of coequal and equivalent jurisdiction. One district court has no such jurisdiction over another district court.").

Accordingly,

**IT IS RECOMMENDED** that plaintiff Mitchell Feinberg's case be DISMISSED WITHOUT PREJUDICE for failure to state a claim and, alternatively, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 31st day of May, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**